UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EMILY LOUISE ZUFELT COLLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:24-cv-6-JAR |
| ) | |
| ANGLA MEZMER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the amended complaint of self-represented Plaintiff Emily Louise Zufelt Collar. ECF No. 5. Plaintiff also filed a second motion for leave to proceed *in forma pauperis*. ECF No. 6. This duplicate motion will be denied as moot since the Court previously granted Plaintiff *in forma pauperis* status in its Order issued May 6, 2024.[1] ECF No. 4. In that same Order, the Court also reviewed Plaintiff's § 1983 complaint under 28 U.S.C. § 1915. *Id.* Based on that review, the Court directed Plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned Plaintiff that her amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court will dismiss this matter for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The Court has not yet received Plaintiff's initial partial filing fee of $1.00, as ordered by the Court on May 6, 2024. ECF No. 4. Even though Plaintiff was granted leave to proceed in this action without prepayment of fees and costs, as a prisoner, she is still obligated to pay the full filing fee in the form of partial payments over time. *See* 28 U.S.C. § 1915(b)(1).

**Background**

Self-represented Plaintiff is an inmate with the Missouri Department of Corrections (MDOC), confined at the Women's Eastern Reception Diagnostic Correctional Center (WERDCC) in Vandalia, Missouri. ECF No. 5 at 2. Plaintiff initiated this § 1983 action in January 2024 with an incomplete complaint form that contained no named defendants and no clearly stated claims or allegations. ECF No. 1. As such, the Court ordered Plaintiff to file an amended complaint. ECF No. 4. The Court received her amended pleading on June 6, 2024. ECF No. 5. Because the filing of an amended complaint completely replaces all previously filed complaints and supplements, the amended complaint is the operative complaint and is the only pleading that will be reviewed. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

**The Amended Complaint**

Plaintiff filed her amended 42 U.S.C. § 1983 complaint against four defendants employed at WERDCC: (1) Angla Mezmer (warden); (2) Unknown Mcafee (functional unit manager (FUM)); (3) Unknown Law (case worker); and (4) Unknown Cutt (investigator). ECF No. 5 at 1-4. All four defendants are named in their official capacities only. *Id.* at 2-4.

In her 'Statement of Claim,' Plaintiff asserts that she was assaulted "with a weapon" on September 27, 2023, at WERDCC. *Id.* at 3-5. Plaintiff alleges that warden Mezmer "was well aware of the situation and failed to keep [her] safe." *Id.* at 4. According to Plaintiff, investigator Cutt had "emails," "witnesses," and "phone calls" that made him "aware of how the situation was getting worse and [he] did nothing." *Id.* at 5. Case worker Law "blamed Mr. Mcafee and did nothing to help." *Id.* at 3. FUM Mcafee "had all power to control the escalating situation and

failed to," instead choosing "to ignore the events that were constantly going on." *Id.* at 5. Plaintiff asserts that she "begged him" to help but that he "tried to blackmail [her] with a false violation in hopes to resolve the problem." *Id.*

Plaintiff attached a narrative to her amended pleading, complaining about "two events … that could have been avoided if staff were to correctly do their job of saf[e]ty and security." *Id.* at 12. The first event occurred in July 2022 and involved a fellow inmate falsely accusing Plaintiff of rape. Plaintiff complains about her placement in administrative segregation for two weeks while the rape accusation was being investigated. *Id.*

As best the Court can decipher, the second event appears to be the assault Plaintiff complains about in her Statement of Claim. According to Plaintiff, the girlfriend of the inmate who falsely accused Plaintiff of rape "paid a woman to put magic shave" in Plaintiff's "hygine," causing balding and chemical burns on Plaintiff's head. *Id.* at 13. Plaintiff states that she was "[t]errorized by these women constantly [but] nothing was done by any authority." *Id.* Eleven months after the false-rape-accusations incident, the inmate who falsely accused Plaintiff was assigned as Plaintiff's cellmate. Plaintiff complained to caseworker Law who sent her to FUM Mcafee. *Id.* Apparently Mcafee responded by saying that if Plaintiff did not need protective custody, she should "go away." *Id.* at 8. Plaintiff also talked to investigator Cutt "about pressing charges" but she has "heard nothing." *Id.* at 14. Finally, Plaintiff states that "they" only responded by saying that "they never thought the offender would act on the email hit," but Plaintiff does not state who said that to her or provide any details on the "email hit." *Id.* at 8.

After the incident, Plaintiff alleges that she received "no real medical treatment" and that "medical was slim" with only "a lookover." *Id.* at 3-5. However, she also admits that she was given medicine two days later, a dental scan seventeen days later, and she is currently taking pain

medication. *Id.* at 14. She states that she had chemical burns, severe head trauma, mouth pain, and mental health issues. *Id.* at 5, 13-14. For relief, Plaintiff seeks money damages. *Id.* at 6.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

The Court has carefully reviewed and liberally construed Plaintiff's filings and concludes that none of the allegations state a plausible claim for relief. Plaintiff brings her claims against all defendants in their official capacities only. However, as explained below, Plaintiff's official capacity claims for money damages are barred by the Eleventh Amendment. Furthermore, even if Plaintiff had brought individual capacity claims against the defendants, the allegations of the pleadings fail to state a claim of deliberate indifference under the Eighth Amendment. Finally, if this case was not subject to dismissal for failure to state a claim, it would be dismissed for failure to exhaust administrative remedies because Plaintiff admits she did not file an institutional grievance at WERDCC on her claims. Therefore, for all these reasons, this case will be dismissed.

### I.   Failure of Official Capacity Claims

Defendants are employees of the Missouri Department of Corrections ("MDOC"). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As such, Plaintiff's official capacity claims against defendants are actually claims against their employer, the Missouri Department of Corrections – an agency of the State of Missouri.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). In the absence of a waiver, the Eleventh Amendment[2] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Therefore, since Plaintiff seeks money damages here, her official-capacity claims are barred by the Eleventh Amendment and will be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."); *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983.").

## II. Failure of Individual Capacity Claims

Even if Plaintiff had brought her claims against defendants in their individual capacities as well, this case would still be subject to dismissal. Plaintiff never states exactly what constitutional claims she brings in this suit. Based on a liberal construction of the pleadings, Plaintiff appears to be asserting Eighth Amendment claims of failure to protect and inadequate medical care.

The Supreme Court has made it clear that the Eighth Amendment encompasses an inmate's right to be protected from harm by fellow inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). As such, prison officials must take reasonable measures to guarantee inmate safety and protect prisoners from violence by other inmates. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004) (citing *Farmer*, 511 U.S. at 832-33). There are limitations to this guarantee, however, as "prison

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotations and citation omitted).

"As prisons are inherently dangerous environments," not every injury suffered by a prisoner at the hands of another inmate, is grounds for constitutional liability. *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020) (citing *Farmer*, 511 U.S. at 834). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To meet the second requirement of subjective deliberate indifference, "the defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Hodges v. Dep't of Corr.*, 61 F.4th 588, 592 (8th Cir. 2023) (quoting *Farmer*, 511 U.S at 837).

Here, Plaintiff argues that WERDCC defendants should have taken more precautions to protect her from assault "with a weapon" by a fellow inmate. ECF No. 5 at 4-5. Although not entirely clear from the pleadings, it seems that the "weapon" was "magic shave" and the assault took the form of tainting hygiene products that Plaintiff used on her head, causing chemical burns and hair loss.[3] Plaintiff makes the conclusory statement that defendants were aware of a risk to her. She mentions "emails," "witnesses," "phone calls," and even an "email hit," but she provides no details on what information those sources provided to defendants. She also mentions "events" and an "escalating situation," but she fails to provide any details on these occurrences. The only facts that she provides in support for her claims of awareness and escalation, pertain to an incident

---

[3] Based on an internet search, "magic shave" appears to be a razorless shaving cream for the removal of body hair. As such, it is unclear as to why such a product would result in chemical burns when it is intended to be used on skin to remove hair.

where a fellow inmate falsely accused her of rape. Plaintiff seems to be arguing that defendants should have known that she was at risk of harm because of that false accusation. Even if the false-accusation incident was made aware to defendants in the form of emails and witness statements, that would not be enough to make defendants aware of a subjective risk of harm to Plaintiff in the form of tainted hygiene products.

There is insufficient factual support for the claim that defendants knew of and deliberately disregarded a substantial risk to Plaintiff's health and safety. Plaintiff provides no evidence that defendants were aware of a risk of harm to her in the form of contamination of her hygiene products. Even if the inmate who falsely accused her of rape and the inmate who tainted her products were working together, a prior false accusation does not make defendants "aware of facts from which the inference could be drawn that a substantial risk of serious harm" exists in the form of altered hygiene items. Nothing in the pleadings indicates that defendants had sufficient warning that tainted hygiene products posed a risk to Plaintiff. Plaintiff fails to state an Eighth Amendment failure-to-protect claim against any defendant.

Similarly, to the extent that Plaintiff is also trying to assert a deliberate indifference claim regarding the medical care she received (or failed to receive) following her exposure to the "magic shave," such a claim also fails. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). However, to prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that she suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence

intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

In this case, although Plaintiff claims she received "no medical treatment," she also admits that she received a "lookover" immediately after the incident, medicine two days later, a dental scan seventeen days later, and that she is currently taking pain medication. Clearly, Plaintiff received medical care. It might just not have been as quick as she would have liked, or the care she wanted. *See Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) ("The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish."); *Dulany*, 132 F.3d at 1239 ("[I]nmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment."). The facts alleged do not support a claim of intentional maltreatment or refusal to provide care. As such, the amended complaint fails to state an Eighth Amendment claim for deliberately indifferent medical care against any defendant.

### III. Failure to Exhaust Administrative Remedies

Finally, if Court was not already dismissing this case for failure to state a claim, it would still be subject to dismissal for failure to exhaust administrative remedies. Plaintiff admits in the amended complaint that WERDCC has a grievance procedure, and that she did not file an institutional grievance on these issues. *See* ECF No. 5 at 6-7 (Plaintiff checked the "Yes" box in response to the question "Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?" and the "No" box in response to the question "Did you file a

grievance in the jail, prison, or other correctional facility where you claim(s) arose concerning the facts relating to this complaint?").

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory for all suits about prison life, and it is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The Eighth Circuit has recognized that an inmate must exhaust administrative remedies before filing suit and has instructed that district courts must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Id.*; *see also Jones v. Bock*, 549 U.S. 199, 214-16 (2007) (clarifying that a court may dismiss a complaint for failure to exhaust administrative remedies if the allegations in the complaint sufficiently establish that exhaustion requirements have not been met).

Based on Plaintiff's admission that she did not file a grievance at WERDCC regarding her claims, this case is also subject to dismissal for failure to exhaust administrative remedies as required by the PLRA.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to any defendant because the amended complaint fails to state a claim upon which relief may be granted. Plaintiff's claims against defendants Angla Mezmer, Unknown Mcafee, Unknown Law, and Unknown Cutt are **DISMISSED without prejudice**. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of fees and costs [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of September, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE